IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 93-cr-30030-MJR |
| ) | |
| ADRIAN LEVETTE COOPER, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

I. Procedural background

On June 2, 2008, Adrian Cooper requested a reduction in his sentence pursuant to the retroactive crack cocaine amendment, 18 U.S.C. § 3582(c)(2) (Doc. 66). On June 13, 2008, the Court appointed the Federal Public Defender's Office to represent Cooper in this matter, and Assistant Federal Public Defender Daniel Cronin entered an appearance on Cooper's behalf on March 3, 2009 (Docs. 67, 69). On June 29, 2010, Mr. Cronin moved for leave to withdraw as counsel of record for Cooper, stating that, after reviewing the case, he had determined that Cooper had no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendments to the crack cocaine sentencing guidelines, Amendment 706, U.S.S.G. (Doc. 120).

The Court directed Cooper to file a response by August 30, 2010, showing cause why the Court should not grant the motion for leave to withdraw and deny the motion to reduce sentence (Doc. 76). Cooper timely filed his response on April 20, 2009, reiterating his argument that he qualified for a sentence reduction (Doc. 77). The Court denied Cooper's motion for a

1

reduction in his sentence on September 15, 2010, on the grounds that Cooper was sentenced to a mandatory term of life imprisonment and that Cooper is a career offender. Either of these determinations is sufficient to render Cooper ineligible for a sentence reduction under Amendment 706.

On March 21, 2011, Cooper filed the instant motion seeking a sentence reduction under § 3582(c)(2), which the Court construes as a motion for reconsideration (Doc. 80). He submits that the Court erred in denying his motion for a reduction of sentence. Cooper's motion for reconsideration must be denied.

II. Analysis

Having carefully reviewed Cooper's motion, the Court finds that he has presented no ground to justify the Court's reconsidering its September 15, 2010 Order. He simply misapprehends the law relevant to his case. As the Court explained in its Order, Cooper does not qualify for a sentence reduction because he is subject to a mandatory term of life imprisonment *and* is a career offender. *See United States v. Cooper*, 39 F.3d 167, 172 (7th Cir. 1994), **dismissal of habeas corpus** *aff'd*, **199 F.3d 898 (1999);** *cert. denied*, **530 U.S. 1283 (2000) ("Once the district court made its findings regarding the total amount of crack cocaine involved in the offense, it had no choice but to impose the mandatory life sentence given Cooper's prior felony convictions.") (footnote omitted);** *United States v. Forman,* **553 F.3d 585, 589-90 (7th Cir. 2009) (a career offender is ineligible for a reduction under Amendment 706)**. In sum, the guideline amendments in question have no application to Cooper's sentence. *See Application Note* **1(A)(a reduction in the defendant's term of imprisonment is not authorized if defendant's guideline range would not be lowered due to**

**"the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).")**.

    III.    <u>Conclusion</u>

Having reviewed the record before it, the Court finds no ground on which to grant the relief sought by Cooper. Accordingly, the Court **DENIES** Cooper's March 21, 2011 motion seeking sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 80).

IT IS SO ORDERED.

DATED this 25th day of March 2011

    <u>s/Michael J. Reagan</u>
    MICHAEL J. REAGAN
    United States District Judge