UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 93-cr-30030-JPG |
| ADRIAN LEVETTE COOPER, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's agreed motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 117). He asks the Court to reduce his sentence of imprisonment from life to 360 months. The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B). The Government is in agreement with the motion.

In July 1993, the defendant was found guilty by a jury of conspiracy to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a) and 846. Because the Government filed an information pursuant to 21 U.S.C. § 851 alleging at least two prior drug felonies, the statutory sentencing range for this offense as charged was ten years to life in prison. *See* 21 U.S.C. § 841(b)(1)(B). At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 150 to 500 grams of cocaine base. In light of this finding, and because the defendant was sentenced before *Apprendi v. New Jersey*, 530 U.S.

466 (2000),[1] and *Alleyne v. United States*, 570 U.S. 99 (2013),[2] the Court found the defendant was subject to a statutory mandatory life sentence. 21 U.S.C. § 841(b)(1)(A).

As for the defendant's sentencing guideline range, the Court used the 1992 version of the United States Sentencing Guideline Manual. The Court found the base offense level under U.S.S.G. § 2D1.1(c)(5) for the defendant's relevant conduct was 34. It increased that level by two points pursuant to U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon and by two points pursuant to U.S.S.G. § 3B1.1(c) because he was an organizer and leader in the offense, yielding a total offense level of 38. The Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1. Because the statutory maximum sentence for the defendant's offense of conviction was life, the base offense level applicable under U.S.S.G. § 4B1.1 was 37. Because the total offense level based on U.S.S.G. § 2D1.1 was greater than the total offense level based on U.S.S.G. 4B1.1, the Court applied the total offense level based on U.S.S.G. § 2D1.1. Considering the defendant's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1 and his criminal history points, the sentencing table in U.S.S.G. Chapter 5, Part A, yielded a sentencing range of 360 months to life in prison. The Court imposed the statutory mandatory sentence of life in prison without a term of

---

[1] *Apprendi* held that any sentencing factor other than criminal history may raise the statutory maximum sentence only if it was admitted by the defendant or found by a jury beyond a reasonable doubt. *Id.* at 490. Until *Apprendi*, a defendant's relevant conduct found by a court by a preponderance of the evidence was used to increase the statutory maximum sentence to which the defendant was exposed. *See United States v. Knight*, 342 F.3d 697, 710 (7th Cir. 2003).

[2] *Alleyne* held that relevant conduct may raise the statutory minimum sentence only if it is admitted by the defendant or found by a jury beyond a reasonable doubt. *Id.* at 108; *United States v. Austin*, 806 F.3d 425, 433 (7th Cir. 2015). *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that factors increasing a statutory minimum could be found by the court by a preponderance of the evidence. *Alleyne*, 570 U.S. at 116.

supervised release.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[3] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.

---

[3] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.[4]

The Court turns to the specifics of the defendant's case. The defendant's conviction is the type of conviction covered by § 404 of the First Step Act. He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the applicable statutory sentencing range. As noted above, at the time of the defendant's conviction, the statutory range was mandatory life for a drug offense where the sentence was driven by 150 grams of cocaine base relevant conduct and where the defendant had two prior drug felonies. 21 U.S.C. §§ 841(b)(1)(A) & 851 (1993). Section 2 of the Fair Sentencing Act lowered the statutory range for such an offense to ten years to life in prison. 21 U.S.C. §§ 841(b)(1)(B) & 851 (2010).[5]

---

[4] The Court believes the proper vehicle to impose a reduced term of imprisonment is § 3582(c)(1)(B). That provision allows the Court to modify a term of imprisonment "to the extent . . . expressly permitted by statute." The Court is aware that the Court of Appeals for the Seventh Circuit has indicated this provision allows for a sentence modification only if resentencing has been ordered after a successful direct appeal or a successful collateral attack. *United States v. Bailey*, 777 F.3d 904, 906 (7th Cir. 2015). However, the Court believes the Court of Appeals limited relief to these two situations because, at the time of its statement, no statute expressly gave the Court the authority to modify a term of imprisonment in any other circumstance. Now that the First Step Act has expressly provided additional authority to modify a term of imprisonment, it can serve as a basis for relief under § 3582(c)(1)(B).

[5] There is some dispute whether the holdings of *Apprendi* or *Alleyne* must be applied when considering what the lower statutory sentencing range is. However, applying the principles of *Apprendi* and *Alleyne* would not change the lowered range in this case. The statutory sentencing range for a drug offense charging more than 500 grams of cocaine where a defendant had two prior drug felonies was—and remains—10 years to life. *See* 841 U.S.C. §§ 841(b)(1)(B) & 851. As a matter of fact, that *Apprendi* and *Alleyne* did not apply at sentencing and the defendant's sentence was based on his relevant conduct is the only reason the

4

Thus, the defendant's conviction is subject to reduction under the First Step Act. He asks for a sentence of 360 months, which would effectively translate to a sentence of time served, and the Government does not object.

Having considered the factors listed in 18 U.S.C. § 3553(a), the Court exercises its discretion to reduce the defendant's sentence but not to the extent he requests. As for §3553(a)(4), the applicable sentencing guideline range, had the defendant been sentenced in 1993 for a drug offense where the relevant conduct was 150 grams of cocaine base, his base offense level, retroactively affected by Amendment 782 to the U.S.S.G., his base offense level would have been 26, *see* U.S.S.G. § 2D1.1(c)(7), increased by the applicable enhancements to 30. His career offender base offense level would have stayed the same—37—since his statutory maximum sentence would still have been life, so it would have taken over as the driver of his offense level. *See* U.S.S.G. § 4B1.1. At a 37/VI, his guideline sentencing range would have remained 360 months to life in prison. The Court addressed the other § 3353(a) factors as explained on the record at the July 31, 2019, hearing. It has further addressed the defendant's lack of objection to a term of supervised release to follow his imprisonment. In light of all these factors, the Court will reduce the defendant's sentence from life in prison to 410 months in prison plus a term of supervised release of 8 years on the conditions set forth at the July 31, 2019, hearing.

For the foregoing reasons, the Court **GRANTS** the defendant's motion for a sentence

---

defendant is eligible for a reduction under the First Step Act. The defendant was charged with a powder cocaine offense, which carried ranges that were not affected by the Fair Sentencing Act, and it is only because his sentence was based on cocaine base relevant conduct that the First Step Act even applies.

reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 117) and **DENIES as moot** the defendant's *pro se* motion (Doc. 106).   The Court will enter a separate order for a reduction of sentence in its standard form.

**IT IS SO ORDERED.**
**DATED:   July 31, 2019**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**