UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 93-cr-30030-JPG |
| ADRIAN LEVETTE COOPER, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Adrian Levette Cooper's "3582 Motion" in which he requests a sentence reduction to time served (Doc. 180). He states that, as of the filing of his motion, he had only 129 days left to serve, and the Bureau of Prisons ("BOP") website confirms that his current release date is May 30, 2022. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (visited Feb. 4, 2022). He also asks for reconsideration of his 8-year term of supervised release, which he believes should be no more than 4 years. He believes this will interfere with his plans to relocate to Iowa after his release so that he can get a fresh start on his life.

The Seventh Circuit Court of Appeals has explained that the Court does not have inherent power to reduce a criminal sentence:

> A district court's jurisdiction to alter a sentence on the defendant's motion is extremely limited. For a brief period after sentencing the court may entertain a motion to reconsider, *United States v. Healy,* 376 U.S. 75, 84 S. Ct. 553, 11 L. Ed.2d 527 (1964); *United States v. Rollins,* 607 F.3d 500, 502-04 (7th Cir. 2010). Otherwise the court is limited by 18 U.S.C. § 3582(c), which precludes modification of a prison term except on motion of the Bureau of Prisons [now, also the defendant], *id.* § 3582(c)(1)(A), or when a retroactive amendment to the guidelines would lower the defendant's imprisonment range, *id.* § 3582(c)(2), or when "expressly permitted by statute or by Rule 35," *id.* § 3582(c)(1)(B). *See United States v. Redd,* 630 F.3d 649, 650-51 (7th Cir. 2011); *United States v. Poole,* 550 F.3d 676, 678 (7th Cir. 2008); *United States v. Lawrence,* 535 F.3d 631, 637 (7th Cir. 2008).

*United States v. Jumah*, 431 F. App'x 494, 496 (7th Cir. 2011).

Cooper's request falls neither expressly nor impliedly into any of these categories. The "brief period after sentencing" in which reconsideration is allowed has long passed. As for a sentence reduction under 18 U.S.C. § 3582(c), in June 2015, then-Chief Judge Michael J. Reagan denied Cooper's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on a retroactive guideline amendment (Doc. 103), and his current request is not based on a retroactive guideline amendment. This Court denied Cooper's motion for a reduction under 18 U.S.C. § 3582(c)(1)(A) for compassionate release under the First Step Act (Doc. 176), and nothing Cooper says in his current motion would justify changing that decision.

This Court has already granted Cooper a sentence reduction under 18 U.S.C. § 3582(c)(1)(B) based on the new statutory sentencing ranges in the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010) (Doc. 125). Additionally, it imposed Cooper's 8-year term of supervised release without objection from Cooper as part of that reduced sentence. The Court cannot revisit those decisions. *See* First Step Act, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018). ("No court shall entertain a motion made under this section to reduce a sentence if the sentence was . . . previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act. . . .").

Cooper cites 18 U.S.C. § 3582(e) as authority for early release, but that provision is about prohibiting a defendant from associating with certain people as part of a sentence. It does not provide authority to reduce a sentence.

In sum, Cooper has cited no authority for the Court to revisit his current sentence. For this reason, the Court **DISMISSES for lack of jurisdiction** Cooper's motion for a reduction (Doc. 180). The Court notes that, once Cooper is on supervised release, he may raise with the Probation

Office his desire for his supervision to be transferred to Iowa.

**IT IS SO ORDERED.**
**DATED:  February 7, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
